**HOLIDAY INNS OF AMERICA, INC., a Tennessee corporation, Plaintiff,**

v.

**MULLEN'S HOLIDAY INN, INC., a California corporation; and Roy M. Mullen, an individual, Defendants.**

**Civ. No. 86.**

United States District Court
E. D. California.

May 15, 1968.

Harris, Kiech, Russell & Kern, Los Angeles, Cal., for plaintiff.

Max Tendler, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

CROCKER, District Judge.

Plaintiff, Holiday Inns of America, Inc., has filed a complaint seeking to enjoin defendant, Mullen's Holiday Inn, Inc., from using the words "Holiday Inn" to describe or advertise the defendant's motel in Bishop, California. Plaintiff is a corporation licensed under the laws of Tennessee. Defendant is a corporation licensed under the laws of California. Plaintiff alleges that the use of the phrase "Holiday Inn" by defendant amounts to unfair competition and infringement of a trademark.

Therefore, the court has jurisdiction of the matter under both Title 15 U.S.C. § 1121 and Title 28 U.S.C. §§ 1331, 1332, 1338 and 1391.

Plaintiff has filed a motion for summary judgment on both claims or, in the alternative, partial summary judgment on the claim of unfair competition.

Motion for summary judgment on both claims is granted, as there are no questions of fact.

The record reveals the following facts:

Plaintiff or its predecessor has been continuously using the name "Holiday Inn" since 1952. By April 1963, plaintiff had over 300 motels in its chain across the United States, including several in California. By offering the public high quality service, and due to widespread advertising during this period, plaintiff established a well-known reputation in the motel service industry. On July 13, 1954, the United States Patent Office issued to plaintiff a service mark on the name "Holiday Inn." The use of this name has become synonymous with plaintiff's nationwide chain of motels.

In 1947 defendant began operating his motel business under the name "Holiday Auto Court." Defendant corporation was incorporated in California on or about May 8, 1961. In April 1963, defendant removed the sign bearing the name "Holiday Auto Court" and replaced it with one reading "Mullen's Holiday Inn." This action by defendant caused travelers to confuse defendant's motel with plaintiff's nationwide chain of motels. Furthermore, defendant was aware of plaintiff's prior use of the name "Holiday Inn" when he erected his sign and began operating "Mullen's Holiday Inn" in May 1963.

[1] Plaintiff has requested and defendant has refused to refrain from using the composite "Holiday Inn" in connection with the defendant's motel. Such activity resulting in confusion of the public poses a threat to the established goodwill and reputation of plaintiff's nationwide chain of motels.

It is apparent from the exhibits that the name "Holiday Inn" has acquired a secondary meaning throughout the United States.

The use of the name "Holiday Inn" by defendant since 1963 has misled and deceived the traveling public. If not restrained in the future such unauthorized use will continue to confuse the public and cause them to mistakenly believe that defendant is a member of plaintiff's nationwide chain. Such conduct in a related case has been held to constitute unfair competition. Quality Courts United v. Quality Courts (D.C. Pa.1956), 140 F.Supp. 341.

Therefore it is the order of this court that defendants Roy M. Mullen and Mullen's Holiday Inn, Inc., and each of them, be permanently enjoined and restrained from using the term "Holiday Inn" alone, or in combination with the personal name "Mullen's", as a trade or corporate name in connection with the offering for sale, advertising or promotion of motel and related services.

It is further ordered that within thirty (30) days of the date of this order becoming final defendant change the corporation name "Mullen's Holiday Inn, Inc.," to eliminate the word "Holiday" or the word "Inn" therefrom.

Finally, the court makes no award of attorneys fees or damages which were waived by plaintiff for the purpose of this motion for summary judgment.